B. Márquez & Cía., Appellant, *v.* Registrar of Property of Utuado, Respondent.

No. 1015.    Submitted January 21, 1938.—Decided February 3, 1938.

*V. Polanco de Jesús* for appellant.    The registrar appeared by brief.

Mr. Justice Wolf delivered the opinion of the Court.

On December 12, 1937, a deed was presented for record to the Registrar of Property of Utuado.    The instrument

578

was one by which certain properties were transferred to B. Márquez & Co., the petitioner now before us, in payment of a mortgage loan contracted in 1923 by the parents of the transferors. Record was denied "because it has not been shown, nor has any document been presented by which it be certified that the inheritance tax on the properties adjudicated in payment of the loan, has been settled pursuant to the provisions of Section 12 of Act No. 99 of 1925..."

■ Act No. 99, supra (Laws, p. 790, 798), was a statute modifying and extending the inheritance tax. Section 12 thereof reads as follows:

"No court shall approve the partition or distribution of the estate of any decedent or allow any final settlement of the accounts of any executor, administrator, trustee or person administering any estate, unless the proper special tax receipt or receipts of the Treasurer, as provided in Section 11 of this Act, shall be produced and exhibited; and no notary shall issue, authorize or certify any instrument of award, partition, distribution, alienation or hypothecation of property unless such receipt or receipts of the Treasurer are presented; and no registrar shall record in any registry under his charge any instrument or judicial decision, ruling or judicial warrant authorized, rendered or issued in connection with the partition, distribution or delivery of such property, unless such receipt or receipts of the Treasurer are presented; and persons violating the provisions of this section shall be liable for all taxes uncollected because of such violation, with interest thereon, as provided in Section 9 of this Act, and such person shall be guilty of a misdemeanor punishable by a fine of not less than one hundred (100) dollars nor more than one thousand (1,000) dollars, or by imprisonment from three months to one year, or by both penalties, in the discretion of the court."

The argument of the petitioner is based primarily on the alleged fact that the transferors, who were the legitimate children and legally acknowledged heirs of the mortgage debtors, received no benefit or monetary advantage by the inheritance of the mortgaged properties, and that they executed the deed in question merely as successors to the debtors and in their stead.

The registrar relies on Section 12, supra, and on Section 368 of the Political Code as amended by Act No. 62 of 1916 (Laws, p. 125) which provides for a tax on transfers of property to be enjoyed or possessed after death of the transferor or donor.

We are of the opinion that the case before us falls within the purview of Section 12 of Act No. 99 of 1925, *supra,* and hence that the refusal of the registrar was justified. Given the fact that this transfer of property was made by the alleged heirs, the deed could only be effective if the alleged heirs were in fact, for the purpose of the transfer, accepting the inheritance and taking title to the property. We feel that the spirit of the law on inheritance tax requires that the registrar, before he proceed to record any property of a deceased person in the name of any one else, demand the presentation of either the inheritance tax receipt provided by law or of a certificate from the Treasurer expressive of the fact that no such tax is due.

The note of the Registrar is therefore affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.